IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA LEE FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-03147-CV-S-MDH-SSA |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Joshua Ferguson's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of his application for disability insurance benefits under the Social Security Act (the "Act"). Plaintiff exhausted his administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court orders that the administrative law judge's (ALJ) decision be reversed and remanded due to the ALJ's failure to comply with the legal standards set forth in Social Security Ruling 96-8p.

## BACKGROUND

Plaintiff applied for supplemental security income on March 31, 2017, and alleged a disability onset date of March 31, 2017 (as amended) (Tr. 27, 149-52, 234). The ALJ found that Plaintiff was not disabled from his alleged onset date through the date of the ALJ's May 8, 2019 decision. (Tr. 18).

In applying the Commissioner's five-step sequential evaluation process, the ALJ found at steps one and two that Plaintiff had not engaged in substantial gainful activity since his application date of March 31, 2017, and had severe impairments that included Job's Buckley syndrome (also known as hypogammaglobulinemia, requiring history of IgG infusions), degenerative disc disease

1

and degenerative joint disease of the lumbar spine with history of osteomyelitis and discitis, and chronic obstructive pulmonary disease ("COPD") (Tr. 13). *See* 20 C.F.R. § 416.920 (2019) (outlining the agency's five-step sequential evaluation process). None of Plaintiff's impairments, either singly or in combination, met or equaled the requirements of any impairment listed in 20 C.F.R. part 404, subpart P, appendix 1 (the "Listings") (Tr. 14). As such, the ALJ formulated Plaintiff's RFC assessment for use at steps four and five and determined that Plaintiff retained the RFC to perform sedentary work, as defined in the regulations, with additional postural and environmental restrictions (Tr. 14). Specifically, he found that he could:

> lift, carry, push and pull up to 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk up to 2 hours in an 8-hour workday, and sit up to 6 hours in an 8-hour workday. The claimant cannot climb ladders, ropes, and scaffolding, kneel, crouch or crawl, but can occasionally climb ramps and stairs, balance, and stoop. He must avoid even moderate exposure to temperature extremes, humidity, wetness, pulmonary irritants, such as chemicals, dusts, fumes, and gases, and hazards, such as unprotected heights and dangerous moving machinery.

(Tr. 14). At step four, the ALJ found that Plaintiff had no past relevant work (Tr. 17). At step five, the ALJ considered Plaintiff's RFC and vocational factors of age, education, and work history, and relying on the testimony of a vocational expert, found that Plaintiff could make a successful adjustment to other sedentary work existing in significant numbers in the national economy, including the representative occupations of telephone quotation clerk (more than 90,000 jobs nationally) and document preparer (more than 100,000 jobs nationally) (Tr. 17-18). Consequently, the ALJ found that Plaintiff was not "disabled" under the Act from March 31, 2017 (Plaintiff's application date and amended onset date) through May 8, 2019 (the date of the ALJ's decision) (Tr. 18).

# STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the

3

outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff asserts that the issues in this case are: (1) whether the ALJ erred by not including certain limitations found in Dr. Micka's opinion in the RFC after finding the opinion "somewhat persuasive,"; and (2) whether substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints in formulating the RFC.

1. **The ALJ erred by failing to provide adequate reasons for discounting the opinions of Dr. Micka in formulating the physical RFC.**

The ALJ bears the primary responsibility for assessing the RFC based on all of the relevant evidence, including medical records, observations of treating physicians and others, and [the claimant's] own description of [his] limitations." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2008) (quoting *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). Further, "[t]he ALJ's RFC determination must be supported by medical evidence that addresses the claimant's ability to function in the workplace." The RFC is a medical question and the ALJ is required to consider at least some supporting evidence from a medical professional. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001); *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Social Security Ruling 96-8p requires that the ALJ include in the decision "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." 1996 WL 374184, *7. When the ALJ fails to properly evaluate the medical opinion evidence, the RFC is not supported by substantial evidence. *Cf. Papesh v. Colvin,* 786 F.3d 1126, 1135 (8th Cir. 2015) (remand required when the ALJ did not properly weigh the medical opinions and the ALJ's resultant RFC was outside the available zone of choice).

Plaintiff argues that the ALJ erred in the evaluation of the opinion of the treating provider, William Micka, M.D. In February 2019, Dr. Micka completed a Medical Source Statement-Physical ("MSSP") regarding Plaintiff's functional abilities and opined that he would suffer significant limitations as a result of his Job's syndrome, recurrent pneumonia, obstructive lung disease, anti-pneumococcal antibody deficiency, and osteomyelitis-spine/epidural abscess. (Tr. 384). The ALJ found Dr. Micka's opinion somewhat persuasive. (Tr. 16). The ALJ concluded that Dr. Micka's "general opinions of an ability to perform sedentary work are consistent with the claimant's lifelong need for infusions and antibiotic treatment." (Tr. 16). Subsequently, the ALJ concluded that Plaintiff suffered manipulative limitations, off-task behavior, limitation to low-stress work, need to shift positions, unscheduled breaks, and frequent absences. (Tr. 16).

The ALJ provided a reason for discounting some of Dr. Micka's opinion but provided no basis for discounting the assessment of lifting, carrying, sit, and standing limitations found in Dr. Micka's opinion. (Tr. 18). The ALJ also did not include these limitations in the RFC assessment. *See* SSR 96-8p, 1996 WL 374184, at *7 (Soc. Sec. Admin. July 2, 1996) (if the RFC conflicts with a medical opinion, the ALJ is instructed to explain why). The ALJ should have either explained his reasons for discounting these limitations or included them in the RFC assessment. *Trotter v. Colvin,* 2015 WL 5785548, at *4 (W.D. Mo. Oct. 2, 2015) (finding error when the ALJ provided the opinion "some weight" and addressed reasons for discounting some of the limitations included in the opinion, but failed to address other limitations and did not include them in the RFC assessment); *White v. Astrue,* 2012 WL 930840, at *7 (W.D. Mo. March 19, 2012) (finding error when the ALJ gave some weight to doctor's opinion, but did not include the doctor's opinion about the claimant's functional restrictions into the RFC finding); *Woods v. Astrue,* 780 F.Supp.2d 904, 913-914 (E.D. Mo. Jan. 26, 2011) (ALJ provided some weight to the treating doctor's opinion, but

5

did not provide any reason for disregarding some of the limitations, requiring remand); *Murphy v. Colvin*, 2016 WL 4158868, at *7 (E.D. Mo. Aug. 5, 2016) ("The Court similarly rejects Defendant's argument that because the ALJ used the phrase 'some weight,' he was not required to explain and give reasons for his failure to assign an RFC that accords with the opinion.").

The ALJ omitted from the RFC several of Dr. Micka's opined exertional limitations including limiting Ferguson to occasionally lifting and carrying ten pounds, sitting for 20 minutes at one time and less than two hours in an eight-hour workday, and standing for 45 minutes at one time and less than two hours in an eight-hour workday. (Tr. 384). While the ALJ indicated that these opined limitations from Dr. Micka's opinion supported Ferguson's ability to perform sedentary work, these limitations do not. Sedentary work requires lifting up to ten pounds at one time with up to occasional walking and standing. 20 C.F.R. § 416.967(a). The Social Security Rulings elaborate on this definition by indicating that standing and walking "should generally total no more than about 2 hours of an 8-hour workday," and sitting about six hours in an eight-hour workday. SSR 83-10, 1983 WL 31251, at *5 (Soc. Sec. Admin. 1983). This definition of sedentary also assumes an eight-hour workday, and Dr. Micka's opinion limits Ferguson to less than four hours sitting and standing in a workday. Similarly, the vocational expert testified that an individual who could not sit, stand, or walk for a combined total of eight hours in an eight-hour workday would be unable to sustain full-time competitive work. (Tr. 61-62).

The ALJ found Dr. Micka's opinion "somewhat persuasive." (Tr. 16). Remand is required because, after finding the opinion "somewhat persuasive," the ALJ did not explain how he incorporated these limitations into the RFC or provide reasons for discounting the limitations in sitting and standing as required by SSR 96-8p. *See Trotter,* 2015 WL 5785548 at *4-5 (remand is required because the ALJ failed to justify deviation from the opinion she afforded partial weight;

6

instructing on remand that the ALJ provide specific, reasoned explanations for her decision not to incorporate the disregarded limitations).

Defendant does not contest this argument. Instead, Defendant argues that the ALJ's assessment of Dr. Micka's opinion as "somewhat persuasive" was not improper—however, this was not at issue in this case. The Court accordingly agrees with Plaintiff that the ALJ did not properly comply with SSR 96-8p by failing to explain why Dr. Micka's opined limitations in Plaintiff's ability to sit and stand were neither discounted nor adopted.

**2. The ALJ did not err in considering Plaintiff's subjective reports.**

Plaintiff next argues that the ALJ failed to properly consider Plaintiff's subjective reports. The Court disagrees. The ALJ's analysis of Ferguson's subjective reports consisted of the statement that the "medical evidence of record does not support the severity and frequency of alleged limitations by the claimant." (Tr. 16). Plaintiff argues that remand is required because the ALJ's determination relied on a mistaken classification of the record, overlooked relevant evidence, and did not address factors that bolstered Ferguson's credibility.

SSR 16-3p, 2016 WL 1119029, at *12 fn. 1 (Soc. Sec. Admin. March 16, 2016) eliminated the term "credibility" and clarified that "subjective symptom evaluation is not an examination of an individual's character." Rather, the decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated". *Id.* at *9; *see also Martsolf v. Colvin*, 2017 WL 77424, at *5 (W.D. Mo. Jan. 9, 2017). The ruling also incorporates the regulations, 20 C.F.R. § 416.929(c)(3) and identifies the factors to be considered when assessing a claimant's allegations. Specifically, the ALJ should consider a claimant's daily activities; the nature, duration, frequency, and intensity of symptoms; precipitating

7

and aggravating factors; and the type of medication and other treatments or measures used for the relief of pain and other symptoms. *Id.*

In the instant case, the ALJ correctly concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were inconsistent with the objective medical evidence and other evidence in the record (Tr. 16). As support, the ALJ observed the significant discrepancy between Plaintiff's alleged limitations, which were substantial, and the findings revealed in various diagnostic studies and clinical examinations. He did not rely on the objective findings as the sole factor for rejecting Plaintiff's subjective complaints, but properly considered them as one factor in his analysis. 20 C.F.R. § 416.929(c)(2). Objective medical evidence is "a useful indicator" to assist the ALJ in making reasonable conclusions about the effect of Plaintiff's symptoms on his ability to work. SSR 16-3p.

In addition to considering the objective findings, the ALJ also properly considered the treatment Plaintiff had received and his response to that conservative treatment. 20 C.F.R. § 416.929(c)(3)(iv) (ALJs may consider the claimant's "type, dosage, effectiveness, and side effects of any medication . . ."); (c)(3)(v) (ALJs may consider the claimant's "[t]reatment, other than medication"); SSR 16-3p (ALJs may consider the claimant's "record of any treatment and its success or failure, including any side effects of medications."). Although Plaintiff testified to debilitating pain, Plaintiff did not take prescription pain medications or muscle relaxers, but instead relied entirely upon conservative treatment including physical therapy and over-the-counter remedies, such as non-steroidal anti-inflammatory medication (ibuprofen) and compression wraps (Tr. 16 *referring to* Tr. 38, 239, 279-87).

The ALJ also noted other evidence that was likewise unsupportive of Plaintiff's severe allegations. For example, while Plaintiff reported that severe pain limited his focus to about 45

8

Case 6:20-cv-03147-MDH   Document 15   Filed 07/29/21   Page 8 of 10

minutes at a time, the ALJ noted that he played Xbox videogames for one hour daily, watched television, balanced a checkbook, used Facebook, and cooked food such as steak, potatoes, and broccoli about twice per week (Tr. 16 *referring to* Tr. 45-49, 58, 300). Likewise, Plaintiff indicated that he experienced many instances of pneumonia each year, yet he also admitted—and the evidence showed—that he had not had pneumonia since he began IVIg, which occurred before his alleged onset date (Tr. 42, 44, 377). Plaintiff also reported frequent respiratory infections approximately ten days per month as well as episodic lesions on his lungs, yet there was little evidence to support these assertions (Tr. 52, 54). Indeed, Plaintiff seldom mentioned such infections or their purported effects to his providers, and he rarely showed related symptoms during his myriad office visits throughout the period at issue (Tr. 15 *referring to* Tr. 315-16, 320). In fact, as the ALJ highlighted, Plaintiff's providers routinely reported that Plaintiff was "doing well;" his spirometry testing revealed no more than moderate obstruction; and his lung examinations were generally unremarkable, interspersed with only occasional and rather mild findings (Tr. 16 *referring to* Tr. 238, 244-45, 247, 315, 318, 321, 328, 369, 374, 377, 381, 532). Finally, Plaintiff admitted in May 2017 that he had fewer infections with the IVIg therapy, and Dr. Daugherty indicated in August 2018 that Plaintiff's lung disease was "pretty well controlled" (Tr. 320, 377). In light of the above, the objective evidence was simply inconsistent with the severity of Plaintiff's allegations (Tr. 16).

Based upon the foregoing, the ALJ properly considered all of the available objective medical and other evidence—both favorable and unfavorable—in evaluating the intensity, persistence, and limiting effects of Plaintiff's symptoms. Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ or argue that certain evidence could support his position. Instead, Plaintiff must show that no reasonable factfinder

9

could have reached the ALJ's conclusions on this record. *See Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). Plaintiff has not done so here.

## CONCLUSION

For the reasons set forth herein, the Court finds that the ALJ did not comply with SSR 96-8p by not providing adequate reasons for neither adopting nor discounting the opinions of Dr. Micka in formulating the physical RFC. Accordingly, the Commissioner's decision denying benefits to Joshua Ferguson is reversed and remanded. On remand, the ALJ is ordered to comply with SSR 96-8p with respect to Dr. Micka's opined limitations in Plaintiff's ability to sit and stand.

**IT IS SO ORDERED.**

Dated: July 29, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**